IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SYLVESTER S KAAR and LINDA S. KAAR,

    Plaintiffs,

  v.

WELLS FARGO BANK, N.A., a national banking association; and DOES 1–10, inclusive,

    Defendants.

/

No. C 16-01290 WHA

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS AND VACATING HEARING**

## INTRODUCTION

In this foreclosure dispute, defendant moves to dismiss for failure to state a claim pursuant to FRCP 12(b)(6). For the reasons stated herein, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Defendant's request for judicial notice is **DENIED**.

## STATEMENT

Plaintiffs Linda S. Kaar and Sylvester S. Kaar are residents of Alameda County who owned and leased residential property in Georgia. Defendant Wells Fargo Bank, N.A. was the lender and servicer of the mortgage from which this claim arises. The complaint alleges that in May 2013, Wells Fargo offered plaintiffs a loan modification. Plaintiffs signed and returned the loan modification agreement and commenced the reduced monthly payments specified in the contract. Wells Fargo accepted these payments until September 2014, when Wells Fargo notified plaintiffs that they were in arrears on their mortgage pursuant to the terms that preceded

1  the modification agreement. The property was foreclosed and sold to a third party in February
2  2015 (Compl. ¶ 3).
3    The complaint alleges that as a result of the foreclosure, plaintiffs lost revenue and equity
4  in the property. Plaintiffs assert the following claims for relief: (1) breach of contract; (2)
5  breach of implied covenant of good faith and fair dealing; (3) unlawful, fraudulent, and unfair
6  business acts and practices; (4) wrongful foreclosure; and (5) negligence. Defendant moves to
7  dismiss. This order follows full briefing and oral argument.

**ANALYSIS**

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. FRCP 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when there are sufficient factual allegations to draw a reasonable inference that the defendant is liable for the misconduct alleged. While a court must take all of the factual allegations in the complaint as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim." *Epstein v. Wash. Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996) (citation omitted).

**1.    BREACH OF CONTRACT.**

Plaintiffs allege that defendant Wells Fargo breached the terms of the loan modification by foreclosing on the property despite plaintiffs' compliance with the new agreement. A breach of contract claim requires: "(1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal. App. 4th 1171, 1178 (2008) (citation omitted).

To claim a breach of contract in federal court the complaint must identify the specific provision of the contract allegedly breached by the defendant. "Identifying the specific provision of the contract allegedly breached by the defendant does not require the plaintiff to attach the contract or recite the contract's terms verbatim. Rather, the plaintiff must identify with specificity the contractual obligations allegedly breached by the defendant." *Misha Consulting*

2

*Grp., Inc. v. Core Educ. and Consulting Solutions, Inc.*, 2013 WL 6073362, at *1 (N.D. Cal. Nov. 15, 2013) (Judge Ronald M. Whyte).

Plaintiffs sufficiently state a breach of contract by identifying each element of a breach of contract claim and the specific provision allegedly breached. According to the complaint the modification agreement was offered and accepted, plaintiffs complied with the terms of the agreement, and defendant breached the terms of the modified loan by foreclosing on the property. Plaintiffs identify the new payment terms as the specific provision of the contract that defendant allegedly breached.

Defendant contests the existence of a contract, namely that a condition precedent was not met. Defendant's request for judicial notice included a loan modification proposal with a condition precedent. Even if this order granted judicial notice, FRE 210 does not authorize a court to draw inferences or take notice of disputed facts. *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011). The motion to dismiss the breach of contract claim is **DENIED**.

### 2. BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.

Included under the claim for breach of contract, plaintiffs also allege that defendant breached the covenant of good faith and fair dealing. "[T]he authorities hold that breach of the implied covenant of good faith and fair dealing involves something beyond breach of the contractual duty itself." *California Shopper, Inc. v. Royal Globe Ins. Co.*, 175 Cal. App. 3d 1, 54 (1985).

Plaintiffs make no separate factual claims for the breach of the implied covenant of good faith and fair dealing. Thus, defendant's motion to dismiss plaintiffs' claim for breach of the implied covenant of good faith and fair dealing is **GRANTED**. It will be subsumed under the breach of contract claim.

### 3. UNLAWFUL, FRAUDULENT AND UNFAIR BUSINESS ACTS AND PRACTICES.

The complaint alleges that defendant engaged in "unlawful, fraudulent, and unfair business acts and practices within the meaning of Business & Professions Code Section 17200." Plaintiffs incorporate their breach of contract allegation in this separate claim (Compl. ¶ 5).

Section 17200 prohibits acts or practices that are (1) unlawful, (2) unfair, or (3) fraudulent. "[A] breach of contract may form the predicate for a section 17200 claim, provided it also constitutes conduct that is unlawful, or unfair, or fraudulent." *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008) (internal quotation and citation omitted). The statute is violated where a defendant's conduct violates any of the foregoing prongs. *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012). As discussed below, the complaint fails to plead facts to support a claim under any of the three prongs.

### A. Unlawful Conduct.

The unlawful prong of Section 17200 "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable." *Cal. Consumer Health Care Council v. Kaiser Found. Health Plan, Inc.*, 142 Cal. App. 4th 21, 47 (2006). "[A] common law violation such as breach of contract is insufficient" to state a Section 17200 claim under the unlawful prong. *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1044 (9th Cir. 2010) (quotation and citation omitted). The complaint does not allege any other predicate law necessary to support the unlawful prong of Section 17200.

### B. Unfair Conduct.

Pending resolution of this issue in the California Supreme Court, our court of appeals has approved the use of either a balancing test or a tethering test when it comes to defining unfair conduct. *See Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 735–36 (9th Cir. 2007).

This order applies the tethering test, which states that conduct is unfair under Section 17200 when it offends an established public policy that is "tethered to specific constitutional, statutory, or regulatory provisions." *Bardin v. Daimler Chrysler Corp.*, 136 Cal. App. 4th 1255, 1261 (2006). The balancing test assesses the harm to the consumer against the utility of defendant's practice. *See South Bay Chevrolet v. General Motors Acceptance Corp.*, 72 Cal. App. 4th 861, 886 (1999). As the undersigned has previously stated, the unfairness prong must be tethered to some legislative policy; otherwise, the courts will roam across the landscape of business practices picking and choosing which they like and which they

4

dislike.  *See Gutierrez v. Wells Fargo Bank, N.A.*, 730 F. Supp. 2d 1080, 1120 (N.D. Cal. 2010), *aff'd in part, rev'd in part on other grounds*, 704 F.3d 712 (9th Cir. 2012).

The complaint alleges that defendant violated Section 17200 by allowing plaintiffs to make monthly payments pursuant to the modified terms and then foreclosing on the property. This circles back to plaintiffs' breach of contract claim and does not constitute separate conduct tethered to any legislative policy.  The complaint therefore fails to state a claim under the unfair prong.  Any amended complaint must make clear that defendant's conduct offended an established public policy and tie that policy to a particular legislative provision.

### C. Fraudulent Conduct.

In order to state a claim under the fraud prong of Section 17200, the complaint must show that "members of the public are likely to be deceived." *Bardin*, 136 Cal. App. 4th at 1274. The complaint fails to allege this.  In fact, the complaint does not address the argument at all. Thus, plaintiffs cannot go forward under the theory of fraudulent business practices under Section 17200.

The complaint does not plead facts to support a claim under any of the three prongs of Section 17200.  Defendant's motion to dismiss plaintiffs' Section 17200 claim is therefore **GRANTED.**

### 4. WRONGFUL FORECLOSURE.

The complaint also alleges a claim for wrongful foreclosure.  Plaintiffs base their theory of wrongful foreclosure on a tort cause of action.  The basic elements of this tort are as follows: (1) the trustee or mortgagee must cause an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a power of sale in a mortgage or deed of trust; (2) the party attacking the sale must have been prejudiced or harmed; and (3) the mortgagor must have tendered the amount of the secured indebtedness or was excused from tendering.  *Miles v. Deutsche Bank Nat'l Trust Co.*, 236 Cal. App. 4th 392, 408 (2015).  The plaintiff must also show that "no breach of condition or failure of performance existed on the mortgagor's or trustor's part which would have authorized the foreclosure or exercise of the power of sale." *Ibid.*  The California authorities treat the tort of wrongful foreclosure as an equitable cause of action, allowing it to

5

1  exist in parallel with a breach of contract claim.  *See Barragan v. Deutsche Bank Nat. Trust Co.*,
2  2015 WL 3617104, at *5 (C.D. Cal. June 9, 2015).

3  Plaintiffs sufficiently allege the necessary elements of wrongful foreclosure.
4  *First,* defendant caused an illegal sale by foreclosing despite the formation of a loan
5  modification.  *Second*, plaintiffs were harmed by the sale. *Third*, plaintiffs performed under
6  the modification agreement and deny a breach of condition on their part.  All elements of
7  wrongful foreclosure are met in the complaint.  For these reasons, defendant's motion to dismiss
8  plaintiffs' claim for wrongful foreclosure is **DENIED**.

9      **5.**    **NEGLIGENCE**.

10  To state a claim for negligence, a plaintiff must allege:  (1) the defendant's legal duty of
11  care to the plaintiff; (2) breach of that duty; (3) causation; and (4) resulting injury to the plaintiff.
12  *Merrill v. Navegar, Inc.*, 26 Cal. 4th 465, 500 (2001).

13  Under California law, a person "may recover in tort for physical injury to a person or
14  property, but not for purely economic losses that may be recovered in a contract action."
15  *San Francisco Unified School Dist. v. W.R. Grace & Co.*, 37 Cal. App. 4th 1318, 1327 (1995).
16  A contract to perform services may, however, give rise to a duty of care, the breach for which
17  would lead to recovery in tort alongside contract recovery.  *N. Am. Chem. Co. v. Superior Court*,
18  59 Cal. App. 4th 741, 746 (1997).

19  As a general rule, "a financial institution owes no duty of care to a borrower when the
20  institution's involvement in the loan transaction does not exceed the scope of its conventional
21  role as a mere lender of money."  *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d
22  1089, 1095–96 (1991).  But "liability to a borrower for negligence arises only when the lender
23  actively participates in the financed enterprise beyond the domain of the usual money lender."
24  *Id.* at 1096 (internal quotations and citations omitted).

25  There are conflicting California decisions as to whether a loan modification creates a
26  duty of care for money lenders.  *Compare Lueras v. BAC Home Loans Servicing L.P.*, 221 Cal.
27  App. 4th 46, 67 (2013) (residential loan modification is a traditional lending activity, and does
28  not create a duty of care), *with Alvarez v. BAC Home Loans Servicing, L.P.*, 228 Cal. App. 4th

6

941, 948 (2014) (servicer has no general duty to offer modification, but a duty does arise when servicer agrees to consider borrower's application for modification). Defendant cites to an unpublished decision by our court of appeals that states, "the duty of care . . . does not apply in the residential loan context." *Benson v. Ocwen Loan Servicing, LLC*, 562 Fed. Appx. 567, 570 (9th Cir. 2014). Pursuant to Ninth Circuit Rule 36-3, unpublished orders are not precedent.

Defendant also argues that *Alvarez* and its progeny represent a minority view. Not so. Although there are federal district judges that have sided with the conclusion in *Lueras*, "*Alvarez* marked a sea of change in jurisprudence on this issue. Federal district courts applying California law after *Alvarez* overwhelmingly hold that the California Supreme Court would recognize a duty of care." *MacDonald v. Wells Fargo Bank N.A.*, 2015 WL 1886000, at *5 (N.D. Cal. Apr. 24, 2015) (Judge Haywood S. Gilliam) (collecting cases).

Accordingly, the undersigned's previously held decision remains: When a financial institution offers borrowers a loan modification and a trial period plan, it is actively participating in the financial enterprise beyond the domain of the usual money lender. *See Ansanelli v. J.P. Morgan Chase Bank N.A.*, 2011 WL 1134451, at *7 (N.D. Cal. Mar. 28, 2011). Such is the case here.

Along with contesting the duty of care, defendant argues that a "simple breach of contract cannot morph into a tort under the economic loss doctrine" (Br. at 10). Here, though, plaintiffs' allegations do establish a separate duty of care. Plaintiffs further allege that the subsequent foreclosure was a breach of this duty and that it resulted in injury. For these reasons, defendant's motion to dismiss plaintiffs' claim for negligence is **DENIED**.

### 6. REQUEST FOR JUDICIAL NOTICE.

Courts may consider material not appended to the complaint such as court filings and matters of public record without converting a motion to dismiss into one for summary judgment. *Lee v. Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001).

Here, defendant requests judicial notice of various public records related to the foreclosure sale and bankruptcy court filings. Plaintiffs have not opposed the request to admit these documents. In dispute, however, is defendant's request for judicial notice of documents

7

related to the loan modification proceeding, particularly a loan modification proposal not referenced in the complaint. A court may not take judicial notice of a fact "subject to reasonable dispute." Fed. R. Evid. 201(b). Moreover, the records are not necessary to this decision. As such, the request for judicial notice is **DENIED** as moot.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED IN PART** and **DENIED IN PART**. Defendant's motion to dismiss plaintiffs' claim for breach of contract is **DENIED**; defendant's motion to dismiss plaintiffs' claim for breach of implied covenant of good faith and fair dealing is **GRANTED**; defendant's motion to dismiss plaintiffs' claim for a violation of Section 17200 is **GRANTED**; defendant's motion to dismiss plaintiffs' claim for wrongful foreclosure is **DENIED**; defendant's motion to dismiss plaintiffs' negligence claim is **DENIED**.

Plaintiffs shall have until **JUNE 22, 2016**, to file a motion, noticed on the normal 35-day track, for leave to amend their claims. A proposed amended complaint must be appended to any such motion. The motion should clearly explain how the amended complaint cures the deficiencies identified herein. Otherwise, the case will proceed on the claim for relief sustained above and the answer will be due fourteen calendar days after the deadline. Finding oral argument on this motion unnecessary, the Court hereby **VACATES** the hearing scheduled for June 9, 2016.

**IT IS SO ORDERED.**

Dated: June 1, 2016.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

8