Marcus T. Brown (#255662)
 marcus@marcusbrownlaw.com
LAW OFFICE OF MARCUS T. BROWN
3100 Oak Road, Suite 100
Walnut Creek, California 94597
Tel: 925.482.8950 | Fax: 925.482.8975

Attorney for Plaintiffs


Jeremy E. Shulman (# 257582)
 jshulman@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
 CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Telephone: (626) 535-1900
Facsimile: (626) 577-7764

Attorneys for Defendant
WELLS FARGO BANK, N.A.
("Wells Fargo")

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVESTER S. KAAR and LINDA S. KAAR, individuals and husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, NATIONAL ASSOCIATION, a national banking association; and DOES 1 through 10, inclusive.<br><br>Defendants. | CASE NO.: 3:16-CV-01290-WHA<br><br>[The Honorable William Alsup]<br><br>**JOINT RULE 26(f) REPORT AND CASE MANAGEMENT STATEMENT**<br><br>Date:  June 23, 2016<br>Time:  11:00 a.m.<br>Ctrm:  8 (19th Floor) |

Plaintiffs and defendant Wells Fargo Bank, N.A. ("Wells Fargo") (collectively, the "parties") hereby submit this Rule 26 Joint Statement in anticipation of the initial scheduling conference.

**DESCRIPTION OF THE CASE**

**1.      Jurisdiction and Service**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. The citizenship of the parties is entirely diverse and the amount in controversy exceeds the $75,000 threshold.

The parties agree that there is no dispute with respect to the propriety of service of process, personal jurisdiction, subject matter jurisdiction, or venue.

**2.      A Brief Description of the Facts Underlying the Action**

*Plaintiffs' Description of the Case*:

Wells Fargo offered Plaintiffs a modification of the subject loan, which Plaintiffs accepted and which the parties performed. Plaintiffs relied on the modification in performing and completing their Chapter 13 plan and their Chapter 13 bankruptcy. They had modified two other loans during their bankruptcy, including another with Wells Fargo, and understood that they had modified the subject loan as well. After the Chapter 13 bankruptcy closed, Wells Fargo suddenly reversed course and foreclosed on Plaintiffs' investment property as if the loan had never been modified. The bank claims that the bankruptcy court approval was required, but this claimed condition was not within the four-corners of the modification contract, and was not required by the bankruptcy code. As a result of Wells Fargo's negligence, breach of contract, and wrongful foreclosure, Plaintiffs lost the equity they owned in the property and lost the profits they would have earned from the property.

*Plaintiff's View: Principal Facts in Dispute*

Wells Fargo claims there was never a modification, while Plaintiffs claim there was. Plaintiff's further claim that Wells Fargo failed to exercise reasonable care with respect to the modification, and Plaintiffs' application for the modification. Plaintiffs claim there was equity in the property at the time of the foreclosure sale, which Wells Fargo disputes. Wells Fargo further disputes the amount of Plaintiffs' damages.

*__Wells Fargo's Description of the Case__*

Plaintiffs bring this action to recover damage from the foreclosure of their Georgia investment property. While subject to a Chapter 13 Bankruptcy Plan, plaintiffs sought modification of the subject Wells Fargo loan for one of their two Georgia investment properties. Wells Fargo offered plaintiffs a trial plan under the federal Home Affordable Modification Program ("HAMP"), and then offered them a permanent modification subject to consent from the Bankruptcy Court. Yet, Bankruptcy Court records readily confirm that plaintiffs never obtained consent to enter the loan modification and certainly did not do so timely under the requirements of HAMP. Eventually, Wells Fargo ceased accepting the temporary trial payments and proceeded to foreclose on the Georgia investment property. Wells Fargo maintains that the loan was never modified and the completed foreclosure was proper.

*__Wells Fargo's View: Principal Facts in Dispute:__*

(a). Whether plaintiffs complied with all conditions to modify the loan including, without limitation, timely obtaining bankruptcy court consent to enter the loan modification.

(b). Whether the subject property had any equity at the time of foreclosure.

(c). Whether plaintiffs were generating any net profit from renting out the property.

**3.   Principal Legal Issues In Dispute:**

(a). Whether plaintiffs were required to obtain bankruptcy court consent to consummate the loan modification.

(b). Whether plaintiffs satisfied all conditions and requirements to consummate the loan modification.

(c). Whether Wells Fargo waived, or is estopped from invoking, any claimed conditions to the modification.

(d). Whether plaintiffs did in fact consummate the loan modification.

(e). Whether Wells Fargo ratified the loan modification through its acceptance of the modified payment amounts.

(f). Whether Wells Fargo was otherwise legally required to accept post-petition loan payments during the pendency of plaintiffs' bankruptcy.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

(f).   Whether plaintiffs were damaged by the foreclosure and, if so, in what amount.

**4.   Motions:**

After the completion of discovery, Wells Fargo anticipates bringing a motion for summary judgment or adjudication.

**5.   Amendment of Pleadings:**

The parties do not anticipate any further amendment to the complaint. Pursuant to the Court's order on Wells Fargo's motion to dismiss, Wells Fargo will file its answer by July 6, 2016.

**6.   Evidence Preservation:**

Both parties will preserve all physical documents and computer files relating to the loan at issue, as well as any records relating to subsequent loan servicing and the non-judicial foreclosure process.

**7.   Initial Disclosures:**

The parties propose that initial disclosures be exchanged under Rule 26(a)(1) by June 15, 2016. The parties do not contemplate any deviation from the requirements set forth in the Federal Rules in their Rule 26(a) disclosures.

**8.   Discovery:**

Thus far, no discovery has taken place. The parties anticipate conducting discovery to the extent authorized by the Federal Rules of Civil Procedure by propounding interrogatories, requests for production, and requests for admission; by conducting depositions of the parties; and if necessary, by conducting depositions of non-parties or subpoenaing non-party records.

The parties submit the following Rule 26(f) discovery plan:

> *Rule 26(f)(2):  The subjects on which discovery may be needed,*
> *when discovery should be completed, and whether discovery*
> *should be conducted in phases or be limited to or focused upon*
> *particular issues.*

The subject matter on which discovery may be needed includes the contents of plaintiffs' loan file, records relating to subsequent loan servicing and the non-judicial foreclosure process,

as well as any communications regarding the subject loan and modification activity. The parties agree that there is no need to conduct discovery in phases and no need to alter discovery limitations.

As noted in Section 17 below, the parties anticipate completing all fact and expert discovery by February 19, 2017.

> *Rule 26(f)(3): What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.*

The parties agree that there is no need to change the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Local Rules for the purposes in this case.

> *Rule 26(f)(4): Any other orders that should be entered by the court under Rule 26(c) or under Rules 16(b) and (c).*

The parties agree that no such orders are necessary.

**9.     Class Actions:**

This case is not a class action.

**10.    Related Cases:**

There are no pending cases related to the instant action. Wells Fargo maintains that plaintiffs' bankruptcy is relevant to the loan modification activity; United States Bankruptcy Court, Northern District of California Case No. 09-41533-RLE.

**11.    Relief Sought By Plaintiffs:**

Plaintiffs seek relief in the form of monetary damages. The amount of the damages is to be determined at trial.

**12.    Settlement and ADR:**

The parties are engaged in settlement discussions and believe that an early settlement conference with a Magistrate Judge would be beneficial.

**13.    Consent to Magistrate Judge for All Purposes:**

At this time, neither party has consented to a magistrate judge for further proceedings.

**14.   Other References:**

This case is not suitable for arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15.   Narrowing of Issues:**

Not at this time.

**16.   Expedited Schedule:**

Not at this time.

**17.   Scheduling:**

The parties propose the following schedule:

| | |
|---|---|
| Completion of fact discovery: | January 3, 2017 |
| Completion of expert discovery: | February 19, 2017 |
| Dispositive motion hearing deadline | April 27, 2017 |
| Pre-Trial Conference: | July 20, 2017 |
| Start of Trial: | August 1, 2017 |

**18.   Trial:**

Plaintiffs request a jury trial. The parties estimate that a trial will take approximately 4 days.

**19.   Disclosure of Non-Party Interested Entities or Persons:**

Wells Fargo filed a certification of interested parties on April 5, 2016 (Doc. 12). In this certification, it listed itself (Wells Fargo Bank, N.A.) as well as its publicly traded parent, "Wells Fargo & Company."

///
///
///
///
///
///
///

**20.     Professional Conduct:**

Counsel for both parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

                                          Respectfully submitted,

Dated:  June 14, 2016                  LAW OFFICE OF MARCUS T. BROWN

                                          By:  */s/ Marcus T. Brown*
                                               Marcus T. Brown
                                               marcus@marcusbrownlaw.com
                                           Attorney for Plaintiffs

Dated:  June 14, 2016                  ANGLIN, FLEWELLING, RASMUSSEN,
                                           CAMPBELL & TRYTTEN LLP

                                          By:  */s/ Jeremy E. Shulman*
                                               Jeremy E. Shulman
                                               jshulman@afrct.com
                                           Attorneys for Defendant
                                           WELLS FARGO BANK, N.A.

# CERTIFICATE OF SERVICE

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

On the date below, I served a copy of the foregoing document entitled:

**JOINT RULE 26(f) REPORT AND CASE MANAGEMENT STATEMENT**

on the interested parties in said case as follows:

**Served Electronically**
**Via the Court's CM/ECF System**

*Attorneys for*

Marcus T. Brown
Law Office of Marcus T. Brown
2175 North California Blvd., #775
Walnut Creek, CA 94596
Tel: 925-482-8950  /  Fax: 925-482-8915

Email:   marcus@marcusbrownlaw.com

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on June 14, 2016.

| Lina Velasquez | */s/ Lina Velasquez* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |